CLERK'S OFFICE U.S. DISTRICT COURT AT
ROANOKE, VA
FILED
2/19/2026
LAURA A. AUSTIN, CLERK
BY: s/C. Kemp
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JOHN DOE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:25-cv-00846 |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| VIRGINIA POLYTECHNIC INSTITUTE | ) | By:   Hon. Thomas T. Cullen |
| AND STATE UNIVERSITY, *et al.*, | ) |       United States District Judge |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Defendants' motion to seal two exhibits to their response in opposition to Plaintiff John Doe's motion for preliminary injunction. (ECF No. 30.) Plaintiff has not filed an opposition.

The presumption of openness in court records and "[t]he right of public access derives from two independent sources: the First Amendment and the common law." *In re: U.S. for an Order Pursuant to 18 U.S.C. Section 2703(D)*, 707 F.3d 283, 290 (4th Cir. 2013) (hereinafter "*In re: Order*") (citing *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004)). "The distinction between the rights of access afforded by the common law and the First Amendment is 'significant,' because the common law 'does not afford as much substantive protection to the interests of the press and the public as does the First Amendment.'" *Va. Dep't of State Police*, 386 F.3d at 575 (quoting *Baltimore Sun Co. v. Goetz*, 886 F.2d 60, 64 (4th Cir. 1989); *Rushford v. New Yorker Mag.*, 846 F.2d 249, 253 (4th Cir. 1988)). While the common law "presumes a right to access *all* judicial records and documents, . . . this presumption can be rebutted if 'the public's right of access is outweighed by competing interests.'" *Id.* (quoting *In*

*re: Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984)). "On the other hand, the First Amendment provides a right of access only to *particular* judicial records and documents, and this right yields only in the existence of a 'compelling governmental interest . . . [that is] narrowly tailored to serve that interest.'" *In re: Order*, 707 F.3d at 290 (quoting *Va. Dep't of State Police*, 386 F.3d at 575).

When ruling on a motion to seal, the court ordinarily "must determine the source of the right of access with respect to each document sealed. Only then can it accurately weigh the competing interests at stake." *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 181 (4th Cir. 1988). Here, because Defendants seek to seal exhibits related to their opposition to Plaintiff's motion for a preliminary injunction, the "more stringent First Amendment right of public access applies," and the burden is on Plaintiff to "present specific reasons to justify restricting access to the information." *RLI Ins. Co. v. Nexus Servs., Inc.*, No. 5:18-cv-00066, 2018 WL 10602398, at *1 (W.D. Va. Oct. 30, 2018) (collecting cases).[1]

Defendants seek to seal two audio recordings related to Plaintiff's Title IX hearings following accusations that he sexually assaulted two female students. The hearings concern undoubtedly personal information, including Plaintiff's real name, as well as the real names of the alleged victims.[2] There can be no reasonable dispute that, when one "has been accused of

---

[1] The court is also required to "give public notice of the request to seal and a reasonable opportunity to challenge it." *RLI Ins. Co.*, 2018 WL 10602398, at *1 (citing *Va. Dep't of State Police*, 386 F.3d at 576). Here, the motion was filed on the public docket on January 15, 2026. After more than a month, no one—including Plaintiff—has lodged an opposition to the request. Accordingly, the court finds that there has been sufficient public notice and opportunity to challenge the request, with no opposition noted.

[2] Vitally, Plaintiff sought—and was granted—permission to proceed pseudonymously. (*See* Order, Feb. 2, 2026 [ECF No. 38].) Although not dispositive of the present request, denying the motion to seal would effectively render that Order meaningless. Moreover, the alleged victims are not a party to this action, so their interest in maintaining their privacy is even greater than Plaintiff's.

sexual misconduct," litigation arising from that accusation is a "matter of [a] sensitive and highly personal nature[.]" *Doe v. Va. Polytechnic Inst. & State Univ.*, No. 7:18-cv-320, 2018 WL 5929645, at *2 (W.D. Va. Nov. 13, 2018) (quoting *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993)). And, although victims are ordinarily blameless when a crime is committed against them, certain regrettable stigmas still surround alleged victims of sexual assault. With these considerations in mind, the court has no trouble concluding that "specific reasons" justify sealing these two exhibits.

Insofar as alternatives to sealing must be considered, the court finds that the present record preserves the fundamental right of access to judicial records even if the exhibits in question are sealed. Plaintiff has filed a *204-page* complaint[3] that lays out, in painstaking detail, what he contends occurred during the investigation and hearings related to the charges levied against him. Moreover, the parties' briefing on the motion for a preliminary injunction highlight the relevant proceedings that are the basis of Plaintiff's claims. Should any individual desire to know what is at stake in this litigation and what the accusations are, they are clearly laid out on already publicly available documents on the docket. Nothing in the hearings that

---

[3] Although not relevant to this motion, such a filing comes dangerously close to violating Federal Rule of Civil Procedure 8. *See, e.g.*, *Trump v. New York Times Co.*, 800 F. Supp. 3d 1297, 1299 (M.D. Fla. 2025) (finding that an 85-page complaint that was riddled with irrelevant assertions unrelated to the claims at issue stood "unmistakably and inexcusably athwart the requirements of Rule 8," and noting that "[a] complaint is not a megaphone for public relations or a podium for a passionate oration at a political rally or the functional equivalent of the Hyde Park Speakers' Corner"). Going forward, Plaintiff's counsel would be well-advised to refrain from making unfounded and scurrilous allegations about individual defendants that are irrelevant to the claims at issue.

is relevant to Plaintiff's claims—save for the names of the involved parties—cannot be found elsewhere.[4]

For these reasons, the court finds that Defendants have made a sufficient showing to justify sealing the records at issue, and their motion is hereby **GRANTED**. The Clerk is **DIRECTED** to file the exhibits **UNDER SEAL** until further Order of this court.

The Clerk shall forward a copy of this Order to the parties.

**ENTERED** this 19th day of February, 2026.

                                                    */s/ Thomas T. Cullen*
                                                    HON. THOMAS T. CULLEN
                                                    UNITED STATES DISTRICT JUDGE

---

[4] The court would be remiss if it did not note and consider the difficulty in omitting the names of individuals from the audio files. Nor is the court ignorant of its own rules: "Portions of a document cannot be filed or placed under seal—only the entire document may be sealed." W.D. Va. Local Gen. R. 9(a).