IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

| | | |
|---|---|---|
| JOHN DOE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 7:25-cv-00846-TTC |
| | ) | |
| | ) | |
| VIRGINIA POLYTECHNIC INSTITUTE | ) | |
| AND STATE UNIVERSITY, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY
### RELEVANT TO DEFENDANTS' PENDING MOTIONS TO DISMISS

Plaintiff files this notice of supplemental authority—*Galette v. New Jersey Transit Corp.*, Nos. 24-1021 and 24-1113, slip op. (U.S. March 4, 2026).[1]  *Galette* is relevant to Defendants' motions to dismiss argument that Virginia Tech ("VT") has sovereign immunity that bars Plaintiff's 42 U.S.C. § 1983 official capacity claims against VT employees.[2]

The issue in *Galette* was whether the New Jersey Transit Corporation "is an arm of New Jersey and thus entitled to the State's sovereign immunity."  Slip op. at 2.  As the Court noted, sovereign immunity is "personal to the State itself" and "does not extend to lesser entities, such as municipal corporations or other governmental

---

[1] Available at https://www.supremecourt.gov/opinions/25pdf/24-1021_p860.pdf.

[2] (*See* Doc. 41 at 18; Doc. 45 at 15; Doc. 47 at 15; Doc. 49 at 18; Doc. 51 at 20).

entities that are not arms of the State." *Id.* at 6 (cleaned up). The Court also noted that "whether an entity is an arm of the State is a question of federal law that can be answered only after considering the provisions of state law that define the agency's character." *Ibid.* (cleaned up).

The Court held that NJ Transit "is not an arm of New Jersey and thus is not entitled to share in New Jersey's interstate sovereign immunity." Slip op. at 23. In so holding, the Court explicitly rejected the "arm of the state" test advanced by the Commonwealth of Virginia and 22 other States as *amici curiae. Id.* at 22-23.

Based on the Court's analysis in *Galette*, Defendants in the case *sub judice* have not established that VT is "an arm" of the Commonwealth of Virginia. Defendants therefore have not established that VT has Eleventh Amendment sovereign immunity. Ergo, Defendants have not established that sovereign immunity bars Plaintiff's section 1983 official capacity claims against VT employees.

In support of this notice, Plaintiff states as follows:

1.      *Galette* involved plaintiffs who filed personal injury actions against the New Jersey Transit Corporation in New York and Pennsylvania state courts. Slip op. at 1.

2.      NJ Transit moved to dismiss the claims on the grounds that it is an "arm of New Jersey and thus entitled to New Jersey's sovereign immunity" from suits in another state's courts. Slip op. 4.

3.      Applying different multifactor balancing tests for determining whether "an entity is an arm of the State," the New York Court of Appeals and the

2

Pennsylvania Supreme Court reached conflicting decisions on the issue of sovereign immunity. Slip op at 4 (noting that the New York Court of Appeals applied a three-factor test and held that NJ Transit is not an arm of New Jersey); *id.* at 5 (noting that the Pennsylvania Supreme Court applied a six-factor test and held that NJ Transit is an arm of New Jersey).

4.      Reviewing the New York and Pennsylvania decisions on a writ of certiorari, the U.S. Supreme Court identified two separate factors that demonstrated NJ Transit is not an arm of New Jersey and thus is not entitled to sovereign immunity.

5.      ***First***, the Court noted that "New Jersey structured NJ Transit as a legally separate entity"—*i.e.,* "a body corporate and politic with corporate succession" and with "typical corporate powers."  Slip op. at 15.  For example, New Jersey gave NJ Transit "the power to sue and be sued, enter into contracts, and purchase or otherwise acquire real or personal property," as well as the power "to make and alter bylaws, set and collect fares, raise funds from gifts, grants, or loans, establish its own operating divisions, adopt and maintain its own employee benefit programs, and even own and control any corporate entity that is acquired or formed to carry out its statutory objectives."  *Id.* at 15-16 (cleaned up).

6.      The Court observed that "NJ Transit's corporate status serves as strong evidence that it is not an arm of the State," slip op. at 16.  In fact, the Court said it "has not previously found a similarly structured corporation,"—*i.e.,* one with "the power to sue and be sued, make contracts, and hold property in its own name"—"to

be an arm of the State."  *Id.* at 17; *see also id.* at 10 ("The clearest evidence that a State has created a legally separate entity is that it created a corporation with the traditional corporate powers to sue and be sued, hold property, make contracts, and incur debt.").

7.    **_Second_**, the Court noted that "New Jersey is not formally liable for NJ transit's debts."  Slip op. at 16.  Indeed, the Court said that it "has never once found a corporation that was liable for its own judgments to be an arm of the State, even when the State had significant control over the entity."  *Id.* at 13; *see also id.* at 12 ("The Court's precedents also focus on whether the entity is liable for its own judgments or whether the State is formally liable, *i.e.*, whether 'any judgment' against the entity 'must be satisfied out of the state treasury.'") (quoting *Hess v. Port Authority Trans-Hudson Corp.*, 513 U.S. 30, 51 (1994)).

8.    Finally, the Court rejected the argument by the Commonwealth of Virginia and 22 other States as *amici curiae* that the Court should "adopt a rule that a State's own characterization of an entity, such as New Jersey's labeling of NJ Transit as 'an instrumentality of the State,' should be dispositive."  Slip op. at 22. Although Virginia and the other 22 *amici* States argued such a rule was necessary because "the current use of multifactor balancing tests in the lower courts had created significant uncertainty" on the issue of sovereign immunity, the Court said that the rule proposed by the *amici* States "does not promote predictability in the treatment of state-created entities because it still requires courts to decide which state-law pronouncement is dispositive."  *Id.* at 22-23.

\*      \*      \*

9.      Like NJ Transit, VT is a legally separate entity with typical corporate powers.  Indeed, as Defendants acknowledge (*see* Doc. 41 at 9), under Virginia Code § 23.1-2600(A), VT "is a corporation" with "all the corporate powers given to corporations by the provisions of [Virginia Code] Title 13.1."  And like NJ Transit's corporate powers, VT's corporate powers include the power to sue and be sued,[3] the power to enter contracts,[4] the power to purchase or acquire real or personal property,[5] the power to make and alter bylaws,[6] the power to set and collect fees,[7] the power to raise funds from gifts,[8] the power to establish its own operating divisions,[9] the power to adopt and maintain its own employee benefit programs,[10] and the power to own and control any corporate entity that is acquired or formed to carry out its statutory objectives.[11]

10.      Defendants have not explained why VT is entitled to the Commonwealth's sovereign immunity despite VT's status as a corporation that is a

---

[3] Va. Code § 13.1-627(A)(1); Va. Code § 23.1-1103(1); Va. Code § 23.1-1107.

[4] Va Code. § 13.1-627(A)(7); Va. Code § 23.1-109(A); Va. Code § 23.1-1008(1); Va. Code § 23.1-1009(A); Va. Code § 23.1-1012(E); Va. Code § 23.1-1103(1); Va. Code § 23.1-2607(B).

[5] Va Code. § 13.1-627(A)(4); Va. Code § 23.1-1301(B)(1); Va. Code § 23.1-2603(A); Va. Code § 23.1-104; Va. Code § 23.1-1009(A); Va. Code § 23.1-1103(3); Va. Code § 23.1-1301(B)(9).

[6] Va Code. § 13.1-627(A)(3).

[7] Va Code. § 21.1-1301(A)(5); Va. Code § 23.1-109(B); Va. Code § 23.1-1008(2); Va. Code § 23.1-1116; Va. Code § 23.1-2607(F).

[8] Va. Code § 23.1-101(1); Va. Code § 23.1-1010(3).

[9] Va. Code § 23.1-1301(A)(1).

[10] Va. Code § 23.1-1008(3).

[11] Va. Code § 23.1-1008(2); Va. Code § 23.1-1009(A); Va. Code § 23.1-1010(1).

"legally separate entity" from the Commonwealth with "typical corporate powers." Slip op. at 15.

11.    Moreover, Defendants have not established that VT bears no liability for its own debts.  Indeed, Virginia public universities can "incur liabilities and secure the obligations of any entity or individual, provided, however, that no [university] may pledge the faith and credit of the Commonwealth."  Va. Code. § 23.1-1008(1). Virginia public universities can also issue bonds—*i.e.*, debt—and be sued by the bondholders for default on those bonds.  *See* Va. Code §§ 23.1-1015, 23.1-1107.  And Virginia public universities can "incur or assume indebtedness to, and enter contractual commitments with, the Commonwealth."  Va. Code § 23.1-1014(A)(3). The fact that VT can incur indebtedness to the Commonwealth is inconsistent with the notion that the Commonwealth, rather than VT, bears responsibility for all VT's debts.

/s/ James Fraser
James Fraser (admitted pro hac vice)
P.O. Box 3092
Annapolis, MD 21403
Tel. 443-254-5115
jcfraser70@outlook.com

Parker Bowman, VSB No. 100389
Lindsay S. McKasson, VSB No. 96074
BINNALL LAW GROUP, PLLC
717 King Street, Suite 200
Alexandria, Virginia 22314
Tel: 703-888-1943
Fax: 703 888-1930
parker@binnall.com
lindsay@binnall.com

*Counsel for Plaintiff John Doe*

6

## CERTIFICATE OF SERVICE

I certify that on March 11, 2026, I filed the forgoing paper on the Court's

ECF/CM system which will serve the paper on all counsel of record via email.

/s/ James Fraser
James Fraser