IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

| | | |
|---|---|---|
| JOHN DOE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 7:25-cv-00846-TTC |
| | ) | |
| | ) | |
| VIRGINIA POLYTECHNIC INSTITUTE | ) | |
| AND STATE UNIVERSITY, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## PLAINTIFF'S MOTION FOR LEAVE TO
## FILE FIRST AMENDED COMPLAINT

In accordance with Federal Rule of Civil Procedure 15(a)(2), Plaintiff John Doe

moves for leave to file his proposed First Amended Complaint ("FAC").

In accordance with the Court's order on Defendants' motions to dismiss, Doc.

86 (May 21, 2026), and the Court's Amended Memorandum Opinion, Doc. 87 (May

21, 2026), the proposed FAC includes two claims under 20 U.S.C.§ 1681 ("Title IX")

and one official capacity claim under 42 U.S.C. § 1983.[1]

In support of this motion, Plaintiff states as follows:

---

[1] As Judge Cullen noted, Plaintiff has already adequately pleaded that Dr. Frances Keene "has the authority to direct the registrar to remove the notations of the Pauline Poe and Jane Roe matters from [Plaintiff's] records if the Court finds the proceedings violated Title IX or [Plaintiff's] constitutional rights." Doc. 87 at 21-22. The proposed FAC alleges that the President of Virginia Tech also has that authority. *See* FAC ¶¶ 7-10.

### A. Plaintiff has good cause to file his proposed FAC.

The Court's Scheduling Order requires a party to show "good cause" to amend its pleadings after March 9, 2026. *See* Doc. 31 at ¶ 19 (Jan. 21, 2026). The Court's Order on Defendants' motions to dismiss states that Plaintiff may move to amend his Title IX claims against VT and his 42 U.S.C. 1983 official capacity claim against Dr. Keene no later than June 24, 2026. See Doc. 86 at 1.

To the extent the Court requires Plaintiff to show good cause to file his proposed FAC, Plaintiff states that he has good cause for at least two reasons.

*First*, Defendant Virginia Tech's initial production of documents (which VT made after March 9, 2026) includes documents that VT wrongfully withheld from Plaintiff during the two university disciplinary proceedings at issue in this litigation and which support Plaintiff's Title IX and Section 1983 claims.

In the Jane Roe proceeding, Virginia Tech's Office for Equity and Accessibility (the Title IX Office) wrongfully withheld a "Title IX Community Report Form" that shows Jane's initial version of the alleged incident differed significantly from the version she gave in her formal Title IX complaint. *See* FAC ¶¶ 172-174, 219-225; **Ex. 2**, Title IX Community Report Form at VT-000031. And in both disciplinary proceedings, VT's Office of Student Conduct wrongfully withheld the accusers' oppositions to Plaintiff's appeals, even though Plaintiff requested those oppositions before the appeals were denied. *See* FAC at ¶¶ 151-156, 320-323; **Ex. 44**, Poe's *Ex Parte* Opposition to Plaintiff's Appeal; **Ex. 20**, Roe's *Ex Parte* Opposition to Plaintiff's Appeal.

*Second*, the proposed FAC will enable the Court to resolve one or more of Plaintiff's claims on a motion for judgment on the pleadings. *See* Fed. R. Civ. P. 12(c).

VT's initial document production appears to include the bulk of the administrative record for both disciplinary proceedings (including documents to which Plaintiff did not have access before he filed his original Complaint). Because Plaintiff has attached as exhibits the relevant portions of both administrative records to his proposed FAC, there will be few, if any, disputed facts when the pleadings close.

## B.   The FAC meets the Rule 15(a) criteria to amend.

Rule 15(a) says that courts "should freely grant [leave to amend] when justice so requires." The Fourth Circuit's "policy" is "to liberally allow amendment." *Abdul-Mumit v. Alexandria Hyundai, LLC*, 896 F.3d 278, 293 (4th Cir. 2018) (cleaned up). Leave to amend "should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (cleaned up).

### 1.   There is no prejudice to Defendants.

Granting leave to amend will not prejudice Defendants. Discovery does not close in this action until December 15, 2026. And no depositions have yet been taken or scheduled.

## 2. There is no bad faith on the part of Plaintiff.

Plaintiff does not engage in bad faith in seeking leave to amend. As discussed above, Plaintiff is moving to amend after VT produced the bulk of the administrative record for both underlying disciplinary proceedings. That's not bad faith.

In fact, in previous Title IX litigation, VT has taken the position that discovery should be limited to the university's administrative record and that a Title IX claim should be decided largely on that administrative record.[2] Therefore, VT should have no qualms about a plaintiff filing an amended complaint after VT produces the key portions of the administrative record in discovery.

## 3. Plaintiff's amendment would not be futile.

A proposed amended complaint is futile if it "fails to state a claim under the applicable rules and accompanying standards." *Brainchild Surgical Devices, LLC v. CPA Global Ltd.*, 144 F.4th 238, 257 n.14 (4th Cir. 2025) (cleaned up). Plaintiff's proposed FAC does not fail to state a claim.

### a. Title IX claims.

VT has already conceded that Plaintiff's original Complaint adequately states Title IX claims for the Jane Roe and Pauline Poe matters.[3] And Plaintiff's Title IX claims have become stronger through discovery.

---

[2] *See* Memorandum in Support of VT's Motion for a Protective Order, *Jacob Doe v. VT*, No. 19-cv-00249 (W.D. Va.), Doc. 53 (May 4, 2020).

[3] 04/29/26 Tr. 5:10-13.

### b. Due process claim.

Plaintiff's proposed FAC adequately states an official capacity due process claim under *Doe v. Univ. of North Carolina*, 133 F.4th 305 (4th Cir. 2025). In *UNC*, the Fourth Circuit held that a university student has a liberty interest in his good name and reputation, and that a university deprives a student of that interest without due process in a sexual misconduct case when the student has no opportunity for "meaningful" cross-examination of the accuser. *Id.* at 317. The Fourth Circuit also held that even though it had not previously recognized a student's liberty interest in his good name and reputation, the *Ex Parte Young* exception to Eleventh Amendment immunity allowed the plaintiff to seek an injunction ordering the appropriate university officials to expunge plaintiff's disciplinary record. *UNC*, 133 F.4th at 319.

As this Court observed at the hearing on Defendants' motions to dismiss, Jane Roe opted out of cross-examination as soon and Plaintiff's counsel "got to the meat of cross-examination."[4] And VT gave Plaintiff's counsel no opportunity to cross-examine Pauline Poe. Cross-examination of Poe by an attorney would likely have changed the outcome of the hearing. After all, a state court judge (using the same burden of proof that VT used), rejected Pauline's allegations after Pauline was cross-examined by an attorney. *See* Doc. 41-1 at Pageid# 694.

Moreover, VT also denied Plaintiff's right to due process by allowing the accusers in both disciplinary matters to submit *ex parte* oppositions to Plaintiff's appeals. *See Doe v. Rector and Visitors of George Mason Univ.*, 149 F. Supp. 3d 602,

---

[4] 04/29/26 Tr. 34:19-20.

618 (E.D. Va. 2016) (holding that state university appellate officers violated plaintiff's due process rights by having *ex parte* communications with plaintiff's accuser).[5]

<u>CONCLUSION</u>

For the reasons discussed above, Plaintiff respectfully requests that the Court grant Plaintiff leave to file his proposed First Amended Complaint.

Dated: June 10, 2026

Respectfully submitted,

/s/ Parker Bowman
Parker Bowman, VSB No. 100389
Lindsay S. McKasson, VSB No. 96074
BINNALL LAW GROUP, PLLC
717 King Street, Suite 200
Alexandria, Virginia 22314
Tel: 703-888-1943
Fax: 703 888-1930
parker@binnall.com
lindsay@binnall.com

James Fraser (admitted pro hac vice)
P.O. Box 3092
Annapolis, MD 21403
Tel: (443) 254-5115
jcfraser70@outlook.com

*Counsel for Plaintiff John Doe*

---

[5] *See also Furey v. Temple Univ.*, 884 F. Supp. 2d 223, 257, 261 (E.D. Pa. 2012) (vacating a state university's expulsion of plaintiff and ordering his reinstatement because the university violated his due process rights by, among other things, allowing the appellate officer to have *ex parte* communications with a witness).

<u>**CERTIFICATE OF SERVICE**</u>

I certify that on June 10, 2026, a copy of the foregoing was filed with the Clerk of the Court using the Court's CM/ECF system, which will send a copy to all counsel of record.

/s/ Parker Bowman
Parker Bowman, VSB No. 100389

*Counsel for Plaintiff John Doe*