# EXHIBIT 11

 Outlook

## RE: Case Number 20243489

**From** Settle, Rohsaan <rsettle@vt.edu>
**Date** Thu 5/30/2024 5:31 PM
**To** ▮John Doe▮ >
**Cc** ▮Doe's Counsel▮ Hartman, Kristina <kjhart06@vt.edu>

Hi ▮John Doe▮

Thanks for the outreach.

Regarding your first issue, the hearing officers will apply the definition of "incapacitation" (should it apply) that is in the 2023-2024 Virginia Tech Student Code of Conduct.

Regarding your second issue, I encourage you to state in your opening statement and/ or your closing statement anything you would like the hearing officers to know related to the "knew or should have known" concept of incapacitation. That would be the most appropriate time(s) to communicate that information to them.

Finally, regarding the Investigation Report for Case Number 20243489 that you referenced, I will coordinating that case as well and plan to send the notification in the next couple days. In the meantime, please let me know if you have any questions.

Thanks again,
Ro

**Rohsaan Settle** | He/ Him/ His | **Interim Director for Student Conduct**
Virginia Tech | New Hall West, Suite 141
190 West Campus Drive (0428) | Blacksburg, VA 24061
(540) 231-3790 | rsettle@vt.edu | https://studentconduct.vt.edu/
*Individualization | Arranger | Strategic | Relator | Significance*

---

**From:** ▮John Doe▮
**Sent:** Monday, May 27, 2024 1:24 PM
**To:** Settle, Rohsaan <rsettle@vt.edu>; Hartman, Kristina <kjhart06@vt.edu>
**Cc:** ▮Doe's Counsel▮ >; ▮John Doe▮
**Subject:** Case Number 20243489

Mr. Settle:

Last week the Office for Equity and Accessibility sent you its Investigation Report for Case Number 20243489. The complainant in the case alleges that she could not have consented to sexual activity because of "incapacitation" caused by alcohol. Although my attorney (▮Doe's Counsel▮) and I are still reviewing the contents of the Report, we noticed two issues in the section of the Report that defines "rape" and "consent" (see page 4) that we want to raise with you and University Legal Counsel now.

JD-000059

The first issue is that the Report does not define the term "incapacitation."  However, the Student Code of Conduct does define that term.  It says the term "incapacitation" means the "physical or mental inability to make informed, rational judgments" and that "incapacitation includes but is not limited to being asleep, being unconscious, and the inability to make decisions due to the voluntary or involuntary use of alcohol or drugs."  *See* Student Code of Conduct at page 7 (August 18, 2023).   I note that the Virginia Tech Board of Visitors added that definition to the Student Code of Conduct in 2023 "to bring clarity to prohibited conduct."  See Resolution to Approve Revisions and Updates to the 2023-2024 Virginia Tech Student Code of Conduct (June 2023) (attached).

The second issue is that the Report does not say that a respondent can be found responsible for rape where a complainant alleges incapacitation ***only if*** the respondent "knew or should have known" that the complainant was incapacitated.  Under both federal and state law, an accused cannot be found to have committed rape based on allegations that the purported victim was incapacitated unless the accused knew or should have known that the purported victim was incapacitated.  *See* Va. Code. section 18-2-67.10(3) (defining incapacitation in the context of sexual assault as "the condition of the complaining witness existing at the time of the [alleged assault] which prevents the complaining witness from understanding the nature or consequences of the sexual act [at issue] ***and about which the accused knew should have known***") (emphasis added); *United States v. Rouillard*, 740 F.3d 1170, 1171 (8th Cir. 2014) (holding that accused could not be found to have violated the federal rape statute under an incapacitation theory unless "the defendant knew that [the purported victim] was incapable of appraising the nature of conduct").  Moreover, it is inconceivable that Virginia Tech's policy is to label a respondent a rapist where a respondent neither knew nor should have known that the complainant was incapacitated.  And a federal court would likely find that such a policy violates a student's rights to due process under the United States Constitution and Virginia Constitution.  *See Baum v. Doe*, 903 F.3d 575, 585 (6th Cir. 2018) (noting the "critical facts" in Title IX case were whether the complainant was "too drunk to have sex" and whether the respondent "knew or should have known as much").

So, my position on these issues is that the Hearing Officers for this case should be instructed, in writing, that (1) they must apply the  Student Code of Conduct definition of "incapacitation" in this case; and (2) even if they find that the complainant was incapacitated at the time of the alleged violation, the respondent cannot be found responsible for the alleged violation unless they also find that the respondent "knew or should have known" that the complainant was incapacitated.

Please let me know your position on these issues as soon as possible.

Thank you,
John Doe

JD-000060