# EXHIBIT 15

**From:**      "Settle, Rohsaan" <rsettle@vt.edu>
**Sent:**      Tuesday, June 25, 2024 10:57 AM EDT
**To:**      "2024348902+vt@efc.maxient.com" <2024348902+vt@efc.maxient.com>
**Subject:**      FW: Letter and Submission re: Title IX Case
**Attachment(s):**      Email from K. Barnett.pdf   *74kb*

**From:** [Doe's Counsel] >
**Sent:** Friday, June 21, 2024 2:56 PM
**To:** Hartman, Kristina <kjhart06@vt.edu>
**Cc:** Settle, Rohsaan <rsettle@vt.edu>; Pinard, Martha <marthav@vt.edu>; Capaldo, Stephen <scapaldo@vt.edu>; [John Doe] [Doe's Counsel] >
**Subject:** Re: Letter and Submission re: Title IX Case

Kristina:

Thank you very much for clarifying that your email was sent to me and not to my client.  I apologize for my confusion on this issue.  I was under the impression that any emails sent to Virginia Tech had to come from the student and could not come from the student's lawyer.  I was under that impression because of the following: (1) earlier this year and/or late last year, I sent emails to officials in the Title IX Office and the Office for Equity and Accessibility ("OEA") and received responses saying that any emails needed to come from the student and not from me; (2) during Zoom meetings with Kristen Barnett (OEA's "Senior Investigator"), Dez Twigger (the OEA Investigator involved in this case), and Steve Capaldo (your colleague in the University Legal Counsel's Office), my client and I were told that emails needed to come from my client and not from me because this is "student led process"; and (3) earlier this year my client sent litigation hold emails (that were obviously written by me) to Steve Capaldo, but my client received no response stating that litigation hold emails should come from me and not my client.  In any event, I now understand that any communication from you is directed to my attention.

Thank you for letting me know that Virginia Tech has a "legal basis" for its interpretation of the Title IX regulation as not requiring schools to allow advisors to question investigators. But I do not understand why you are unable to tell me what that "legal basis" is. Your failure to provide me with that legal basis is especially confusing because, as you know, Virgina Tech's own Title IX training materials state that investigators are subject to cross examination by the parties' advisors.

With respect to "the new statement" mentioned in your email, I do not understand why you are unable to provide me with your "legal basis" for Virginia Tech's position that parties are not allowed to submit written responses to the final Title IX investigation report (which is what "the new statement" is). The regulation expressly states that parties have the right to submit such written statements. *See* 34 C.F.R. 106.45(b)(5)(vii) (stating the recipient must "send to each party and the party's advisor, if any, the investigative report in electronic format or hard copy, for their review ***and written response***") (emphasis added).  Indeed, Ms. Barnett (Virgina Tech's "Senior Investigator" for Title IX cases), told my client that he could send a written statement to the Hearing Officers in advance of the hearing to raise disputes about what was included in the report. (See attached email).

I do not understand the basis for the refusal to allow Mr. [AL] to testify at the hearing. My client's February 26, 2024 written statement said that my client would have Mr. [AL] testify at the hearing and provided the substance of the expected testimony. *See* Investigation Report at 34 ("In addition to testifying about the screenshots shown above, [AL] is prepared to testify at the hearing that on at least one occasion after September 24 (*i.e.*, after [Roe]'s party and after [AL] first communicated with [Roe] via text) he and I played on-line video games remotely while he was in Pittsburgh and I was in my dorm room and he knows that [Roe] was in my dorm room at the time because [Roe] used by headset to talk with him during a break in the game."). At no time did Ms. Twigger (the investigator to whom that statement was sent) tell [Doe] that he would have to take further steps to allow Mr. [AL] to testify.

Finally, thank you for confirming that the Hearing Officers will follow the "incapacitation" analysis set forth in Virginia Tech's recent Title IX training materials. As you know, on May 27, 2024, my client sent an email to Mr. Settle asking that the Hearing Officers be instructed to follow such an analysis, but Mr. Settle's response indicated that it was up to my client to tell the Hearing Officers to utilize that analysis. *See* May 30 email from R. Settle ("Regarding your second issue, I encourage you to state in your opening statement and/or your closing statement anything you would like the hearing officers to know related to the 'knew or should have known' concept on incapacitation. That would be the most appropriate time(s) to communicate that information to them."). It was after that email from Mr. Settle that my client told you that Virginia Tech's Title IX training materials set forth the "incapacitation" analysis that he requested. I am relieved to know that, at least on this issue, Virginia Tech will follow its own Title IX training materials.

My client and I look forward to the hearing on Monday.

Best,
[Doe's Counsel]

---

**From:** Hartman, Kristina <kjhart06@vt.edu>
**Sent:** Friday, June 21, 2024 7:32 AM
**To:** [Doe's Counsel] >
**Cc:** Settle, Rohsaan <rsettle@vt.edu>; Pinard, Martha <marthav@vt.edu>; Capaldo, Stephen <scapaldo@vt.edu>; [John Doe]
**Subject:** RE: Letter and Submission re: Title IX Case

Dear Mr. [Doe's Counsel] Esq.,

Please be aware that my email below was sent to you and not [Doe]. He may continue to send correspondence to Mr. Settle; however, any communication from me is directed to your attention. As Mr. Settle is

out, I will provide a response to Mr. John Doe's emails sent yesterday and today. Again, this email is addressed to you.

Please also be aware that I informed you during the pre-hearing that investigators are not witnesses. The objection mentioned below is noted, however, Virginia Tech is in full compliance with the Title IX regulations and your disagreement does not indicate we have no legal basis for our interpretation.

Regarding the recent expert witness report, the photo of Jane the new statement, and the witness, AL , this information will not be considered at the hearing. Our procedures provide that only evidence and information submitted prior to the final investigation report will be considered at the hearing. All of this information was available to be submitted during the investigation. Mr. John Doe is free to address any disagreement with the investigation and his version of events in his opening and closing statements at the hearing.

Regarding incapacitation, the analysis articulated in the ATIXA training you reference as to whether the respondent "knew or should have known" the complainant was incapacitated is our current practice.

Thank you,

Kristina


**Kristina J. Hartman**
**Associate University Legal Counsel**
University Legal Counsel | Virginia Tech
800 Drillfield Drive
236 Burruss Hall (0121)
Blacksburg, VA 24061
540-231-6293



CONFIDENTIAL INFORMATION:  This electronic message and any attachments contain information from University Legal Counsel at Virginia Tech that may be confidential and/or protected by an attorney-client, work product or other confidentiality privilege. If you are not the intended recipient, please do not disclose, copy or distribute this information. Also, please notify the sender immediately by return electronic e-mail or by telephone at 540-231-6293 and destroy the message and its attachments. Thank you.

---

**From:** John Doe
**Sent:** Thursday, June 20, 2024 5:09 PM
**To:** Hartman, Kristina <kjhart06@vt.edu>
**Cc:** Settle, Rohsaan <rsettle@vt.edu>; Pinard, Martha <marthav@vt.edu>; Capaldo, Stephen <scapaldo@vt.edu>; Doe's Counsel ; John Doe
**Subject:** Re: Letter and Submission re: Title IX Case

Ms. Hartman:

Thank you for your email. I will interpret the fact that you did not respond to my attorney's legal analysis of the cross-examination issue as an indication that Virginia Tech does not have a legal basis for its practice of not allowing parties' advisors to cross-examine investigators.  I will note my objection on the record to Virginia Tech's refusal to comply with the federal regulation that mandates that parties' advisors be permitted to question all witnesses, including investigators.  (I will also likely file a complaint about the issue with the Department of Education under 34 CFR 100.7, but I will wait until the 180-day deadline

VT-000414

is about to expire so as to increase the chances that the complaint will be decided by the next presidential administration.)

My letter raised two other issues: (1) my written response to the Investigation Report; and (2) the applicable decisional standard for cases in which the complainant alleges "incapacitation" due to alcohol. Please let me know (1) if you are sending my written response to the Investigation Report to the Hearing Officers; and (2) whether the Hearing Officers will be instructed to apply the decisional standard that is set forth in the Title IX training materials posted on Virginia Tech's website.

Thank you,
John Doe

On Tue, Jun 18, 2024 at 5:01 PM Hartman, Kristina <kjhart06@vt.edu> wrote:

> Dear John Doe,
>
> The university will not be providing advisor led cross-examination of the investigator. As discussed, John Doe may ask questions of the investigator through the hearing officers.
>
> Thank you,
>
> Kristina
>
> **Kristina J. Hartman**
> **Associate University Legal Counsel**
> University Legal Counsel | Virginia Tech
> 800 Drillfield Drive
> 236 Burruss Hall (0121)
> Blacksburg, VA 24061
> 540-231-6293
>
>
>
> CONFIDENTIAL INFORMATION:  This electronic message and any attachments contain information from University Legal Counsel at Virginia Tech that may be confidential and/or protected by an attorney-client, work product or other confidentiality privilege. If you are not the intended recipient, please do not disclose, copy or distribute this information. Also, please notify the sender immediately by return electronic e-mail or by telephone at 540-231-6293 and destroy the message and its attachments. Thank you.
>
> ---
>
> **From:** John Doe
> **Sent:** Monday, June 17, 2024 9:37 AM
> **To:** Settle, Rohsaan <rsettle@vt.edu>; Hartman, Kristina <kjhart06@vt.edu>
> **Cc:** Pinard, Martha <marthav@vt.edu>; Capaldo, Stephen <scapaldo@vt.edu>; jcfraser70@outlook.com; John Doe >
> **Subject:** Letter and Submission re: Title IX Case
>
> Mr. Settle and Ms. Hartman;
>
> Please see the attached letter and the attached written response to the Title IX investigation report in case No. 2024348902 (E. Bergstol case scheduled for hearing on June 24, 2024).  Please note that the letter asks for a response by COB today so that my Advisor can evaluate the need to seek a temporary

restraining order and preliminary injunction with respect to the requests made in the letter.  I have copied other members of your offices in case neither of you is in the office today.

Thank you,
John Doe