# EXHIBIT 21



**Vice President for Student Affairs**
Burruss Hall, Suite 112
800 Drillfield Drive (0250)
Blacksburg, Virginia 24061
P: (540) 231-6272 | vpsa@vt.edu

September 5, 2024

Mr. John Doe
*Delivered electronically by Maxient*

Dear Mr. John Doe

Dr. Martha Glass, Assistant Vice President for Student Affairs has delegated responsibility to me to respond to your disciplinary appeal for case 2024348902. I have reviewed the case file and read the information you provided in your appeal. As an appellate officer, I review conduct cases on three grounds. Those grounds require me to, 1) determine if the hearing officers violated the procedural guarantees as outlined in the student conduct process, 2) determine if any new information submitted during the appeal process that may substantially change the outcome of the hearing had it been available, 3) determine if the hearing officers acted in an unduly harsh or arbitrary manner when determining the findings and sanctions, and 4) conflict of interest or bias by the Title IX Coordinator, Investigator, or hearing officer(s), which affected the outcome. You have raised procedural concerns, expressed your view that the finding and sanction were arbitrary, and indicated that information has been shared that was not available to be considered at the hearing. I will respond to all three points.

Regarding procedural concerns, you raised that you were not allowed to present witnesses or have your advisor cross-examine the Title IX investigator. Both matters were shared by you with the Student Conduct office prior to your hearing. Their determination on both matters is consistent with Virginia Tech's processes for resolving Title IX complaints and does not constitute a violation of the procedural guarantees for your hearing.

You noted that you believe that the finding and the sanction issued by Dr. Cureton and Ms. McCoy were arbitrary. From my review, the hearing officers asked and allowed numerous questions of those who participated in the hearing to understand both perspectives of what occurred. The hearing officers offered a rationale in their decision letter that outlines the facts they determined were relevant to their decision. Their decision relied on relevant information presented in the hearing and therefore I do not find that their finding and sanction was arbitrary.

Regarding the VTPD witness statement of Cadet DM, you indicated that you were unaware of its existence, and you believe that it contains information that may be significant and/or relevant to the outcome of your case had it been available during the investigation and subsequently discussed at the hearing. My review of the case file indicates that no parties were

aware of this statement until Cadet DM shared that she was interviewed by VTPD during her hearing testimony. Since no parties, including the hearing officers, reviewed or considered this statement in the original hearing, in accordance with our policies, I am asking the Student Conduct office to review the statement and reconvene a partial hearing to determine if that information impacts their finding and/or sanction. Upon conclusion of the reconvened partial hearing, Dr. Cureton and Ms. McCoy will submit their written determination, and accompanying rationale, to both parties.

Regardless of their findings from this reconvened partial hearing, both you and Jane Roe will retain the right to appeal that determination. The Student Conduct office will contact all parties with more information about the reconvened partial hearing process. If you have any questions, please contact the Student Conduct office.

Sincerely,

Frances B. Keene, Ph.D.
**Vice President for Student Affairs**