# EXHIBIT 25



**Vice President for Student Affairs**
Burruss Hall, Suite 112
800 Drillfield Drive (0250)
Blacksburg, Virginia 24061
P: (540) 231-6272 | vpsa@vt.edu

November 15, 2024

Mr.  John Doe
         *Delivered electronically by Maxient*

Dear John Doe ,

Dr. Martha Glass, Assistant Vice President for Student Affairs has delegated responsibility to me to respond to your disciplinary appeal including the reconvened partial hearing for case 2024348902. I have reviewed the case file and read the information you provided in your appeal. As I shared in my previous letter to you, as an appellate officer, I review conduct cases on the specific grounds outlined in the Student Code of Conduct. Those grounds require me to, 1) determine if there was a procedural irregularity or denial of procedural guarantees, 2) determine if there is any significant and relevant new information that was not available at the time of the hearing, 3) determine if the hearing officers issued an unduly harsh or arbitrary finding or sanction, and 4) determine if a conflict of interest or bias by the Title IX Coordinator, Investigator, or hearing officer(s), which could have affected the outcome. You have raised procedural concerns, expressed your view that the findings and sanction is arbitrary, and raised a point of bias by the hearing officers. I will respond to all three points.

The procedural concerns you raised were reviewed in your prior appeal. Because no new allegations were raised, I stand by my previous appellate decision that the determination made by university officials on those matters is consistent with Virginia Tech's processes for resolving Title IX complaints and does not constitute a violation of the procedural guarantees.

You asserted that the findings and the sanction issued by Dr. Cureton and Ms. McCoy after the reconvened hearing were arbitrary. During the reconvened hearing, the hearing officers reviewed the witness statement to determine if the information impacted their findings and/or sanction. The hearing officers, and both parties were allowed to ask numerous questions of the witness regarding her statement. They provided you with a rationale that the witness statement and the associated facts gathered from questions did not alter their findings or sanction. After my review, I do not find that their findings and sanction are unduly harsh or arbitrary.

Finally, you raise the issue of bias on behalf of the hearing officers. During the hearing, you were offered the opportunity to raise concerns of bias toward the hearing officers. You did not raise any concerns at that point in the hearing. Upon reviewing the case file and your appeal, I do not

find any evidence of bias. You disagree with their rationale and the outcome of the hearing. That alone is not evidence of bias.

The decision to dismiss you from Virginia Tech is consistent with sanctions issued to students involved in similar behavior. Therefore, I do not find the decision to be unduly harsh or arbitrary. The original decision stands as the final decision. I recognize that this is disappointing news to you. Should you have any remaining questions, please contact Student Conduct.

Sincerely,

Frances B. Keene, Ph.D.
Vice President for Student Affairs

VT-000703