# EXHIBIT 44

Pauline Poe

Response statement to John Doe appeal

Case Number 2024459901

To whom it may concern,

In May of 2024, John Doe was found responsible by Virginia Tech for rape, sexual violence/sexual assault, abusive conduct and dating violence due to his violent actions on October 11th, 2023. I, the complainant, will keep my response to the respondents appeal as brief as possible due to the fact that there is already so much information in files and the recording of the hearing itself that already explains what I am about to say.

To start, the respondent stating that this is a "he said she said sexual assault case" is absolutely appalling. Him and I both know the truth and that truth is that he is not only a rapist, but a repeat offender. In the respondents introduction, he states that he believes there is no dispute on the issue of whether the parties engaged in sexual activity, but there should be no dispute on this issue anyways because there is bodily DNA in the form of semen found in/on condoms used by him that night that I handed over to the Blacksburg police department. Not only do they have this DNA evidence, but on November 14, 2023 detective Brian Wilson of Blacksburg Police Department also took a DNA swab from the respondent and that DNA is clearly a match. The dispute here is that the sexual activity was forced, abusively violent, and non consensual (rape).

In his introduction, the respondent also claims that he believes there is "no physical evidence to support" my allegations, but there is plenty of evidence, including multiple statements to both police, the school and forensic nurses, and also physical evidence in the form of a rape kit that was done that same night in the hospital and multiple pictures of my body to show where I was violently slapped, hurt and choked.

I also want to point out that the respondent is so hung up on the protective order hearing for some reason. He keeps mentioning that after testifying I was not granted a protective order but one of the factors to getting a protective order is if that person is still a direct threat or danger to you. At this point, the respondent was already suspended from the university and we were both going back home to our home states that are far away from each other so I believe that the judge also factored this into the decision.

The respondent also states that federal and Virginia courts has explained on "several bases" on which an administration decision can be deemed arbitrary, but this simply is not relevant because it is not a legal case and this is a crutch that the respondent continues to use but again is not relevant because this is not a legal case as we were both made aware of multiple times.

I would also like to talk about the respondent stating that I apparently knew about a prior title nine case brought against him before October 11, 2023. Multiple times on our phone calls he

alluded to wanting to get off campus because there was a problem with fellow cadets and him. He alluded that it was just underage drinking in the dorms. He said that staying on campus was very tough right now and he would like to get his mind off of things. The respondent continues to show "evidence" and lie about the truth of it. On page 31 of his appeal, he shows text messages between us about these allegations. Again, he had told me that he was caught drinking with a girl and others in the dorms and because of this they got in trouble. He is taking this text that has no other context to it and attempting to use it to cover the truth…. again.

On page 9 of the appeal he further tries to get away with his horrific actions by quoting the protective order hearing. When I was asked by his lawyer "well, he never threatened you with a knife did he?", I answered no and this is because he did not directly threaten me with the knife, but with him opening it and flailing the weapon around after I said multiple times to put it away and stop, I felt extremely threatened. On this page as well the respondent begins to talk about my multiple visits to the hospital due to his violence. Although medical records are personal, I do feel the need to talk about this. I was put on a variety of different medications such as antibiotics for sexually transmitted infection prevention, other antibiotics for infections and also medication for pain due to that night.

The respondent also heavily relies on a file from Blacksburg Police Department, which includes my police report at the hospital on the night of October 11, 2023. Two officers came into my room and conducted an interview report, the officer making the report was Connor Martin, who he explained to me was new to Blacksburg Police Department. I had mentioned the knife in the police report that night, but the cover page for the report specifically asks about weapon force or direct usage. Since the weapon was not directly used, Officer Martin checked off none due to this technicality, although a knife was used indirectly to coerce and frighten me.

On page 12 of the appeal under section 7, the respondent also talks about my roommates exercising their own rights to either accept or deny an interview from Dez Twigger. This is their choice and right as human beings and should not be taken into account or penalized in this case further. On this same page, the respondent continues to use lies and false allegations against me to attempt to get away with the fact that he is a repeat rapist, to put it bluntly. I could sit here and write about how disturbing and false his appeal is for days but that will just make this process of justice longer.

He continues to reach at absolutely anything within his appeal and blatantly lie. He also brings up federal and state laws, including quotes from the Supreme Court but again, this is not a legal case so that does not pertain. He also believes that the decision was not reasonably explained, but there were over 20 pages from the school explaining the outcome of the case and why/how he is being found responsible for them. In no way during this case with the school were any of us treated differently or situated for a better outcome, as the respondent seems to believe as true.

On page 17 the respondent also talks about my own right to ask questions to him that I took use of. During this process, I was told that I would have the opportunity to ask as many questions as I wanted as long as the hearing officers approved them and thought that they were appropriate

VT-000725

or pertain to the case, so I have no idea why he is attempting to argue about one simple question asked.

 Following this on page 19 he states that his hands were not on my neck, but he also did not know where they were. He cannot testify that he did not know where they were, but also did know where they were not at the same time.

The respondent also loves to overlook specific wording. On page 22 he talks about me stating that he had a knife that looked like a switchblade, and then states that that statement is objectively false because I later stated that I did not know what a switchblade was, but I never said that the knife was a switchblade or not, I specifically used the word like in similarity and comparison.

Getting into pages 33 to 37, the respondent spends plenty of time, speaking about my mental health and character as a human. Again, as almost everything else stated in this appeal, this is not relevant or pertain to anything. He states that I need to be the center of attention and that I am an immature person. In the fifth paragraph pertaining to this, he explains that he thinks these things are OK to say, because he believes they are not nearly as harsh as the things I have stated about him at our student conduct hearing. The difference is that what I said in the student conduct hearing is the cold hard truth and he just doesn't want to face reality. John Doe is in fact, a threat to campus safety, women and society as a whole. This has been made clear with the two title nine cases against him.

He also continues to undermine the integrity of the university by alluding to the fact that he believes that I am being treated differently because I am not only a woman, but I've also had history of going to therapy in the past. He states that the university told him that it would "require" him to undergo a psychological evaluation as part of any appeal of the suspension, but to my knowledge , I as the complaint was never made aware that the university required this so I am unsure of how true his statement is. In conclusion, the respondents whole entire appeal is just more paperwork that he feels the need to file to try and cover up his horrific actions. He continues to use blatant lies, false statements, and purposefully leaves out parts that prove him further to be a rapist. The respondent was already found responsible after a grueling, long hearing and weeks of careful decision by the hearing officers. On my end, I know how hard it is to live day-to-day life with an everlasting trauma like this. I continue to hope and request that he is still found responsible on his charges, and that the suspension is still in place in order to protect, not only my own safety, but the safety of every person at Virginia Tech and the Blacksburg area.