# EXHIBIT 46



**Chelsea Haines, Ph.D.**
**Student Affairs**
800 Drillfield Drive (MC 0250)
Burruss Hall, Suite 112
Blacksburg, Virginia 24061
P: (540) 231-6772 | vpsa@vt.edu

July 9, 2024

Dear John Doe

In my role as an Appellate Officer for Student Affairs, it is my responsibility to review and respond to disciplinary appeals. First, thank you for letting me consider your perspective in what is no doubt an exceedingly difficult situation for you. As the respondent in this case, you have the opportunity to appeal the outcome decision. I am responding to the appeal that you submitted.

As an appellate officer, I do not re-hear a case. Instead, I determine if the hearing officers violated the procedural guarantees as outlined in the Student Code of Conduct. It is also my responsibility to determine if any new information submitted would have substantially changed the outcome of the hearing had it been available at the time of the hearing. I also consider if the hearing officers acted in an unduly harsh or arbitrary manner when determining the outcome of your case.

You were found responsible for four violations: 1) sexual violence – rape, 2) sexual violence – sexual assault, 3) abusive conduct, and 4) dating violence. I have reviewed all materials in the original case file documents, listened to the hearing, and read the information you submitted in your appeal. The following is my analysis and findings with respect to your appeal.

**Denial of Procedural Guarantees**
I do not find evidence that the hearing officers violated the procedural guarantees as outlined in the Student Code of Conduct.

**Availability of Significant and Relevant New Information**
Your appeal stated, "John Doe provided additional evidence that contradicts Pauline Poe's story." However, I do not feel your appeal included relevant new information that would have substantially changed the outcome of the hearing had it been available at the time of the hearing.

**Unduly Harsh or Arbitrary Findings and Sanctions**
In your appeal, you asked that the findings against you be vacated because they were arbitrary. Your appeal stated the finding for sexual violence – sexual assault was "unreasonable and because it disregards critical facts." Your appeal stated the finding for sexual violence – rape was arbitrary because "it disregards critical facts and is not reasonably explained." Your appeal also asserts that the findings related to the abusive conduct and dating violence charges are arbitrary "for the same reasons." However, I do not find evidence that the hearing officers acted in an unduly harsh or arbitrary manner when determining the outcome of your case.

Additionally, due to the severity of policy violations and the community impact, the sanction of suspension, from January 1, 2024 to May 15, 2026, is appropriate for the finding of responsible for sexual violence – rape, sexual violence – sexual assault, abusive conduct, and dating violence.

VT-001403

In summary, I find there is insufficient cause to modify the decision and sanctions of the hearing officers.

This then, is the final University decision in this case. Should you have any remaining questions, please contact the Office of Student Conduct.

Sincerely,

Chelsea Haines, Ph.D.
Appellate Officer
Chief of Staff

VT-001404