# EXHIBIT 55



**Title IX Reporting and Grievance Procedures for Sexual Harassment and Violence**

## Table of Contents

**I. Reporting Sexual Harassment and Gender Based Violence**................................................**2**
A. Reporting to the Title IX Coordinator................................................................2
B. Supportive Measures and Remedies...............................................................3
C. Making the Decision to Report.......................................................................3
**II. Formal Complaints of Sexual Harassment and Violence**......................................**4**
A. Filing a Formal Title IX Complaint..................................................................5
B. Notification of Complaint and Investigation...................................................6
C. Dismissal of Complaint....................................................................................6
D. Interim Suspension..........................................................................................7
E. Investigations..................................................................................................7
F. Advisors and Attorneys...................................................................................7
G. Information Collected......................................................................................7
H. Relevant Evidence...........................................................................................8
I. Opportunity to Review Evidence and Final Investigation Report.......................9
J. Referral to Student Conduct for Adjudication.................................................. 9
**III. Formal Title IX Adjudication**................................................................................**9**
A. Procedural Guarantees.................................................................................. 10
B. Advisors........................................................................................................ .10
C. Cross-Examinations.......................................................................................10
D. Recording......................................................................................................11
E. Hearing Location and Virtual Participation....................................................11
F. Determination of Responsibility....................................................................11
G. Range of Possible Sanctions..........................................................................12
H. Remedial Action.............................................................................................12
**IV. Appeal Process**.....................................................................................................**12**
A. Grounds for Appeal........................................................................................12
B. Potential Outcomes for Appeal.....................................................................13
C. Time Frame to Submit an Appeal...................................................................13
D. Format of Appeal...........................................................................................13
E. Notification of the Other Party.......................................................................13
F. Appellate Officers...........................................................................................13
G. Appeal Decision Letter...................................................................................13
**V. Time Frames for Resolution**.................................................................................**13**
**VI. Retention of Records**...........................................................................................**14**

JD-000244

**Title IX Reporting and Grievance Procedures for Sexual Harassment and Violence**

These procedures outline the steps for making a report of sexual harassment and violence involving Virginia Tech students, as well as the process for making a formal complaint under the university's Policy 1026 on Title IX Sexual Harassment and Responsible Employee Reporting. Virginia Tech does not tolerate harassment and violence based on an individual's sex, gender identity, gender expression, or sexual orientation.  Conduct that is harassing or violent not only violates university policies and the Student Code of Conduct, it undermines Virginia Tech's Principles of Community and disrupts each students' ability to learn, grow, and thrive.  We take reports of sexual harassment and violence seriously and strive to handle those reports in a way that is fair, equitable, and recognizes the dignity of all students.  The process described below complies with Title IX and the federal regulations issued by the United States Department of Education.

Throughout this document the terms "complainant" and "respondent" will be used to refer to the parties involved in a complaint. **"Complainant"** means an individual reported to have experienced an incident of sexual harassment. **"Respondent"** refers to an individual accused of sexual harassment. This document differentiates between making a *report* of sexual harassment and violence and filing a *formal complaint* against another individual.  A **"report"** means sharing general information for the purposes of receiving resources, options, and assistance known as supportive measures. A **"formal complaint"** is an informed, active choice to initiate an investigation under Title IX as described in these procedures.  A formal complaint can be made by a complainant or by the Title IX Coordinator, alleging an incident of sexual harassment or violence and requesting that the university investigate the allegation.

This document does not constitute policy but serves as guidance through the process. It does not confer any rights to any party nor does it create any responsibilities for the university.

  I.   **Reporting Sexual Harassment and Gender Based Violence**
    A.   **Reporting to the Title IX Coordinator**
All reports of sexual harassment and violence should be made to the university's Title IX Coordinator, who can provide resources and supportive measures as well as information about filing a formal complaint under the university's Title IX Policy 1026 and the Student Code of Conduct. Reports may be

**JD-000245**

made in person, by telephone, in writing, by email, or through the online reporting form found [here](#). Upon receipt of a report, the Title IX Coordinator, or designee, will promptly contact every complainant to provide information on their rights, options, and resources.

> ***Questions or Concerns? We're Here.***
>
> ***Title IX Coordinator***
> *Katie Polidoro, Title IX Coordinator*
> *Director of Title IX Compliance*
> *220 Gilbert Street (0150)*
> *Blacksburg, Virginia 24060*
> *Telephone: 540-231-1824*
> *Email: polidoro@vt.edu*
>
> *More information about the laws related to sexual violence on campus can be found at [www.stopabuse.vt.edu](http://www.stopabuse.vt.edu).*

### B.      Supportive Measures and Remedies

When the Title IX Coordinator receives a report of sexual harassment and violence, our priority is to provide resources and support in a manner that promotes students' wellbeing and treats all students with respect. The following is a non-exhaustive list of measures that may be available to the person requesting supportive measures, to the extent reasonable and warranted by the circumstances:

- Providing access to counseling services and assistance in setting up an initial appointment;
- Imposing a university "no-contact order";
- Rescheduling exams and assignments;
- Providing alternative course completion options;
- Changing class schedules, including the ability to transfer course sections or withdrawal from a course without penalty;
- Changing work schedules or job assignments for those with on-campus employment;
- Changing a student's own housing assignment and assisting with a housing relocation (in cooperation with Housing and Residence Life);
- Facilitating a voluntary leave of absence;
- Providing access to medical services;
- Providing academic support services, such as tutoring; and
- Providing other remedies that can be tailored to the involved individuals to achieve the goals of these procedures.

These measures will be provided in a way that does not impose any undue burden on any other student or respondent. Support measures are available regardless of whether a complainant chooses to file a formal complaint. They are also confidential and information about them will only be shared to the extent necessary to implement them.

JD-000246

### C. Making the Decision to Report

Maintaining Privacy
In any report, the university will make every effort to protect all individuals' privacy. Information will only be shared with other university administrators on a need to know basis, such as when necessary to conduct an investigation or to arrange for supportive measures and resources. The university will not otherwise release information from investigations, except as required or permitted by law and university policy.

Requests for Confidential Reporting
When a complainant requests that a report to the university remain confidential, the university will seek action consistent with that request whenever possible. While many supportive measures may be offered while maintaining confidentially, the university's ability to respond may be impacted. When the university investigates a formal complaint of sexual harassment or violence, the complainant's identity must be shared with the respondent.  In some cases, to protect the safety of an individual or the community, the university may pursue a formal complaint, despite a complainant's request for confidentiality. More information about that decision can be found in Section II (A) below.  Whenever that decision is made, the Title IX Coordinator will first inform the complainant.

Amnesty for Personal Use of Alcohol or Other Drugs
Virginia Tech seeks to remove any barriers to reporting. Therefore, any student, whether the complainant or a third party, who makes a good-faith report of sexual harassment or violence will be immune from disciplinary action for their personal consumption of alcohol or other drugs occurring at the time of the reported incident.

### II. Formal Complaints of Sexual Harassment and Violence

A formal complaint under Title IX requires the university to take action. Complaints that meet the definition below of Title IX Sexual Harassment will be investigated and resolved according to these procedures.  Some allegations may not meet the Title IX definition but may still be governed by the Student Code of Conduct.  This section also addresses the ways in which those matters may be addressed.

All individuals who implement these grievance procedures, including the Title IX Coordinator, Investigators, and Student Conduct Hearing Officers will do so without bias for any party and without conflict of interest.

Title IX Sexual Harassment
Any person participating in or attempting to participate in Virginia Tech's programs or activities may file a formal complaint against a student for Title IX Sexual Harassment when:

- The conduct occurred in the United States:
- The conduct occurred at any on or off campus location, event, or circumstance over which the university exercises substantial control over both the Respondent and the context in which the sexual harassment occurs and includes any building owned or controlled by an officially recognized student organization.

Title IX Sexual Harassment means any of the following conduct on the basis of sex:

JD-000247

- a university employee conditioning an educational benefit or service upon a person's participation in unwelcome sexual conduct (i.e. *quid pro quo* harassment);
- unwelcome conduct that a reasonable person would determine to be so severe, pervasive, and objectively offensive that it would effectively deny a person equal access to a university program or activity; or
- Sexual Assault, including Rape, Fondling, Incest, Statutory Rape, as well as Stalking, Dating Violence and Domestic Violence.  Please refer to University Policy 1026 for more detailed definitions of these acts.

<u>Sexual Harassment and Violence (Non-Title IX) Under the Student Code of Conduct</u>
Instances of sexual harassment and violence that happen off campus, outside the United States, or otherwise do not meet the definition of Title IX Sexual Harassment, may still violate the student code of conduct.

Individuals who wish to make a complaint of such conduct should still report to the Title IX Coordinator, who will confer with the Director of Student Conduct. The Director of Student Conduct will review the complaint and, if appropriate, may request the Office of Equity and Accessibility conduct a thorough, impartial investigation of the complaint.  Upon completion of an investigation, the Director of Student Conduct will determine how the matter should be resolved.  More information can be found in the *Student Code of Conduct*.

---

**Complaints of Title IX & Other Sexual Misconduct**

*If a complaint involves both Title IX Sexual Harassment and other prohibited sexual misconduct under the student code of conduct, these grievance procedures for Title IX Sexual Harassment will be used to resolve the entirety of the complaint.*

---

**A.      Filing a Formal Title IX Complaint**
A formal complaint is a document, submitted either electronically or in person, filed by a complainant alleging sexual harassment against a respondent and requesting that the university investigate the allegation of sexual harassment. This may be done by completing and signing the Title IX Complaint Form and submitting it to the Title IX Coordinator.  Complainants will be asked to share the details of the incident in a manner that is comfortable for them, including via an in person interview or in writing. The Title IX Coordinator will review each formal complaint and refer complaints that meet the definition of Title IX Sexual Harassment to an investigator for further investigation following this procedure.

In some cases, the Title IX Coordinator may sign a formal complaint to initiate an investigation of Title IX Sexual Harassment.  This may happen when:

- The university has an obligation to act to protect the safety of the complainant or of others within the community based on:
  - The severity of the impact of the conduct reported;
  - A report of conduct that includes threats of future harm to a person or people;
  - Multiple reports of conduct involving the same respondent suggesting a pattern of predatory behavior; and

JD-000248

- The availability of independent evidence.

Decisions to proceed in this manner will be balanced against the complainant's wishes, and the safety and wellbeing of a complainant will be an important consideration.

In these cases, the Title IX Coordinator is not a party to the complaint and is not taking adverse action against any party. The complainant will continue to receive all the guarantees of these procedures, including a prompt and equitable resolution, opportunities to review information, and notification of progress and outcomes.

Consolidation of Complaints
The Title IX Coordinator has the discretion to consolidate multiple complaints against a single Respondent into one investigation if the evidence related to each incident would be relevant in reaching a determination on another incident.

Complaints against Student Groups, Organizations, and Teams
When complaints are made against members of a student group, organization, or team an investigation may proceed against the group, organization, or team as an entity, against one or more involved individual members, or both. This decision will be made by the Title IX Coordinator based on the facts and circumstances of the alleged incident.

False Reporting and Information
A complainant or third party who makes a report that is later found to have been intentionally false or made maliciously without regard for truth may be subject to disciplinary action and may also violate state laws. This provision does not apply to reports made in good faith. A determination regarding responsibility, alone, is not sufficient to conclude that any party made a materially false statement in bad faith.

A student—complainant, respondent, or witness-- who is later proven to have intentionally given false information during the course of an investigation or during a conduct proceeding may be also be subject to disciplinary action.

Presumption of Non Responsibility
Whenever a complaint is made of sexual harassment or violence, every party deserves a fair and equitable resolution administered by impartial administrators. In every complaint, there is a presumption of non-responsibility. It is the university's burden to gather evidence and follow a fair process before any determination of responsibility can be made.

### B. Notification of Complaint and Investigation

The Title IX Coordinator will provide prompt notice to both the complainant and respondent after a complaint has been made. Each party will receive at the same time a written letter that will include:

- The complainant's name;
- The date and location of incident, if known;
- A description of behavior that constitutes harassment;
- A statement that the responding party is presumed not responsible prior to the outcome the process;
- A reminder about the university's policies regarding knowingly providing false information during an investigation and adjudication process;

6

**JD-000249**

- Notice of each party's right to be accompanied by an advisor of their choice; and
- Notice of each party's right to review the evidence collected prior to any final investigation report or hearing.

In the event that information is learned during an investigation that would constitute a new allegation, written notice will be sent to each party.

### C. Dismissal of Complaint

Required Dismissal

In accordance with Title IX regulations, the Title IX Coordinator must dismiss complaints made alleging Title IX Sexual Harassment when the conduct alleged does not meet the definitions set out above. When this happens written notice will be sent to each party explaining the reason for dismissal.

In cases where the conduct alleged does not meet the definition of Title IX Sexual Harassment, but may violate other university policies included in the Student Code of Conduct, the complaint may still proceed under the Student Code of Conduct.

Discretionary Dismissal

The Title IX Coordinator may use their discretion to dismiss complaints prior to adjudication when either the complainant requests that a case be terminated, or when the unique circumstances of a case have prevented gathering sufficient evidence. In these circumstances, a written notice and explanation of the reason for dismissal will be provided to each party. Individuals whose complaints are dismissed for these reasons are not barred from filing a complaint in the future.

Appeal of Dismissal Decision

If a complaint is dismissed for the reasons outlined above, the complainant may appeal the Title IX Coordinator's decision on one of the following basis: Procedural irregularity or denial of procedural guarantees; new information that was not reasonably available at the time the decision was made; and/or conflict of interest or bias by the Title IX Coordinator, Investigator, or hearing officer(s), which affected the outcome. A designated university official will review the appeal.

### D. Interim Suspension

In some cases, the alleged conduct may pose an imminent threat to a person or group of people on campus. In those cases an interim suspension may be considered and recommended to the Assistant Vice President of Student Affairs to reduce that threat of harm. When considering whether to make this recommendation, the Title IX Coordinator will consult with representatives from the university's Threat Assessment Team to discuss an individualized risk assessment prior to making a recommendation for interim suspension. Interim suspensions are issued by the Assistant Vice President for Student Affairs following the policies set forth in the Student Code of Conduct.

### E. Investigations

The goal of the investigation is to gather all relevant facts and evidence that will aid in determining if there is sufficient information to refer a complaint for adjudication by the Office of Student Conduct, which oversees the university's disciplinary process. The investigation process is guided by the principles of equity and respect for all parties. The Title IX Coordinator will designate an investigator who has specific training and experience investigating complaints of sexual harassment, sexual violence, stalking, and intimate partner violence. Any investigator chosen to conduct the investigation is expected to be impartial and free of any bias and conflict of interest.

JD-000250

### F.      Advisors and Attorneys

During the investigation process, the complainant and respondent have the right to be assisted by an advisor. An advisor can be any person of a party's choosing, including, but not limited to a parent, faculty member, counselor, advocate, or attorney. A witness may not serve as an advisor.

Any person who serves as an advisor can attend any meeting but may not speak on behalf of the party. The investigators, when appropriate, have the right at all times to determine what constitutes appropriate behavior on the part of an advisor. The university will not recognize or enforce agreements between the parties reached outside of these procedures.

### G.      Information Collected

The investigator will gather information from the complainant, the respondent, and any other individuals who may have information relevant to the investigation. As part of the investigation, participants will have equal opportunity to present statements, witnesses, and other information, including but not limited to, documents, communication between the parties, electronic records, and medical records as appropriate.

In gathering the information, the investigator may consider prior reports of, or findings of responsibility for, similar conduct by the respondent to the extent such information is relevant. Witnesses must have observed the acts in question or have information relevant to the incident and cannot be participating solely to speak about an individual's character.  Witnesses may also be offered as experts to speak about specific issues relevant to the matter.

The university may use its discretion when choosing to interview witnesses or include specific information as evidence.

It should be noted that the investigators cannot require an individual, whether a party or a witness, to participate in an investigation.  University administrators are also not able to compel any person or entity to provide records for an investigation.

### H.      Relevant Evidence

Relevant information for an investigation means any evidence collected in an investigation which tends to prove or disprove the matter at issue. Evidence gathered in an investigation will be considered relevant if the evidence makes a fact more or less probable to have occurred, and the fact is of consequence to determining whether a policy violation may have occurred.

Certain types of evidence will not be accepted during a Title IX Investigation or hearing. The following information will always be excluded:

Prior Sexual Behavior of a Complainant

The prior sexual behavior of a complainant will be deemed "irrelevant." This information will only be admissible under the following exceptions:

- The information is offered to prove that someone other than the respondent committed the offense; or
- The parties had a current or ongoing relationship at the time of the event in question, and the information is offered to prove consent.

JD-000251

Other kinds of evidence that are offered to allege a respondent's pattern of conduct, or evidence that is otherwise confidential or protected by some form of privilege will only be deemed relevant and accepted in limited circumstances. Whether to accept these types of information is based on the discretion of the Investigator. Determinations will be made based on the following principles:

Pattern of Conduct of Respondent
Evidence of a pattern of conduct similar in nature by the respondent, either prior to or subsequent to the conduct in question, regardless of whether there has been a finding of responsibility, may be deemed relevant if:

- The previous incident was substantially similar to the present allegation;

- The information indicates a pattern of behavior and substantial conformity with that pattern by the respondent; or

- The respondent was subject to a previous credible allegation and/or was previously found responsible for a policy violation.

Information Protected by Legal Privilege
All information that is confidential or protected by a legally recognized privilege will not be required to be submitted during an investigation or hearing. This includes all federally recognized privileges and any additional privileges recognized by the State of Virginia. These include, but are not limited to, attorney-client communications, medical and counseling records, and clergy-confessor statements.

When individuals offer their own confidential or privileged information, such as medical records, for an investigation, they will be asked to sign a release for that confidential information. Unless an individual voluntarily consents, in writing, to use of information that is confidential or privileged the investigator will not inquire about, request, or share such information.

I.      Opportunity to Review Evidence and Final Investigation Report
A copy of all evidence collected during an investigation will be shared with each party 10 (ten) days prior to the issuance of a final investigation report. This includes evidence that was submitted or collected that the investigator does not intend to include in a final report. Each party may submit a written response to the investigator within that 10 (ten) day period. Only evidence and information submitted prior to the final investigation report will be considered at the hearing.

The investigator will prepare a written final investigation report that summarizes the information gathered and synthesizes the areas of agreement and disagreement between the parties and any supporting information or accounts. In preparing the report, the investigator will review all information gathered to determine whether it is relevant given the nature of the allegation. In general, the investigator may redact information that is irrelevant or immaterial. The investigator may also redact statements of personal opinion, rather than direct observations or reasonable inferences from the facts.

Each party will receive a copy of the final investigation report, including any attachments and supporting documents at least 10 (ten) days prior to any hearing in which a determination of responsibility will be made.

JD-000252

**J.      Referral to Student Conduct for Live Hearing**

Upon review of an investigation report of alleged Title IX Sexual Harassment, if the Title IX Coordinator determines that the conduct alleged would meet the definition of Title IX Sexual Harassment if proved, the Title IX Coordinator or designee will notify the complainant and the respondent and refer the complaint to the Office for Student Conduct for adjudication. If the Title IX Coordinator determines that the conduct would not constitute Title IX Sexual Harassment, even if proved, the Title IX Coordinator may decide to dismiss the complaint. Case dismissal in this manner may be appealed by either party in accordance with Section C above.

**III.      Formal Title IX Adjudication Process**

When the Title IX Coordinator refers a case for formal adjudication, the Office of Student Conduct will hold a live hearing with cross examination to determine whether the respondent is responsible for the alleged conduct and to provide appropriate sanctions, as appropriate.

**A.  Procedural Guarantees**

In formal conduct hearings for Title IX formal complaints, the complainant and respondent are entitled to the following procedural guarantees and opportunities:

- To receive a copy of the final investigation report, including any attachments and supporting documents from the Title IX Coordinator or designee at least ten (10) days in advance of the hearing.
- To receive written notice of the date, time, location, participants, and policies charged at least five (5) business days in advance of the hearing to allow the parties sufficient time to prepare for the hearing.
- To be accompanied by an advisor of their choice, at their own cost, or to have an advisor provided to them by the Office of Student Conduct without fee or charge.
- To inspect and review, during the hearing, all evidence obtained during the investigation that is directly related to the allegations in the formal complaint.
- To present that evidence that supports or refutes the alleged conduct.*
- To present witnesses, including fact and expert witnesses.
- To have their advisor conduct live cross-examination on the other party and any witnesses.
- To remain silent or to participate as they see fit, including full, partial, or no participation.
- To challenge the objectivity of a hearing officer(s), given reasonable cause to believe they may be biased or have a conflict of interest.
- To appeal, regardless of the outcome, based on the following grounds: 1) Procedural irregularity; 2) Significant and relevant new information that was not available at the time of the hearing; 3) The Title IX Coordinator, Investigator, or hearing officer(s) had a conflict of interest or bias, which affected the outcome; 4) Unduly harsh or arbitrary findings or sanctions.

JD-000253

\*Only evidence and information submitted prior to the final investigation report will be considered during at the hearing.

### B. Advisors

At the hearing, each party may be accompanied by an advisor of their choice, at their own cost (e.g., parent, friend, attorney, etc.); if a party does not have an advisor, the university will provide one to them without fee or charge for the purposes of cross-examination. Advisors may not also serve as witnesses.

Advisors will be permitted to cross-examine (i.e., ask relevant questions and follow-up questions) the other party and any witnesses directly, orally, and in real time. The parties must use their advisors in this capacity, as they will not be permitted to ask questions personally.

Aside from cross-examination, advisors may not speak on the student's behalf or participate actively in the process.  Advisors must follow the guidance of the hearing officers.

### C. Cross-Examination

During the hearing, the parties' advisors will be permitted to ask relevant questions and follow-up questions, including those challenging credibility, of the other party and any witnesses. Cross-examination must be conducted directly, orally, and in real time.  At no times will the parties directly conduct cross-examination.

Relevance
Questions asked during cross-examination must be relevant to the behavior and situation in question. Hearing officers will determine whether each question is relevant and, if they choose to exclude a question, explain why it is not relevant.  The following topics/questions have been identified as automatic exclusions:

- Questions or information about the complainant's prior sexual behavior, unless they are used to prove someone other than the respondent committed the alleged conduct or if they concern previous sexual activity with the respondent and are used to prove consent.
- Questions or information that disclose or seeks to disclose privileged information, such as medical or psychological records.

For more information about relevant information, please refer to the Relevant Evidence section in section III, above.

Declining to Participate in Cross-Examination
If a party or witness declines to be cross-examined during the hearing, the hearing officers may still consider any statements made by that party or witness during the investigation or hearing when determining whether the respondent is responsible for the alleged conduct. The hearing officers will also not draw conclusions regarding responsibility based solely on a party's or witness's absence from the hearing or decision to decline to answer questions from the hearing officers or during cross-examination.

### D. Recording

The Office of Student Conduct audio records all formal hearings. A copy of the recording is maintained as part of the case file and will be made available to the parties, upon request.

JD-000254

### E.  Hearing Location and Virtual Participation

At the discretion of the Office of Student Conduct, a hearing may be conducted in a single physical location, with all parties present, or a hearing may be conducted virtually, with participants appearing via videoconference. If the hearing is held in person (i.e., in a single physical location), either party may request to be located in a separate room and to participate via video conference.  Regardless of the participation method, the hearing participants will be able to simultaneously see and hear each other.

### F.  Determination of Responsibility

After the hearing, a determination of whether a respondent is responsible for violating any policy in the Code of Conduct will be made by the hearing officers based on the information presented in the investigation report and at the hearing.

Standard of Proof

The university uses preponderance of the evidence to determine whether or not the respondent is responsible for the alleged conduct.  This determination is made based on the information available to determine if it is more likely than not that a violation occurred.

Decision Letter

The hearing officer will simultaneously provide the parties the decision in writing. The decision letter will include the following information: allegations and policies charged, procedural steps taken during the grievance procedure, information used to determine the findings and their application to the policies charged, rationales for each finding, any sanctions imposed on the respondent, any remedies provided to the complainant, and information about the appeal process.

### G.  Range of Possible Sanctions

If a respondent is found responsible for the alleged conduct, the hearing officers will make a determination regarding appropriate sanctions. One or more of the following sanctions may be imposed:

- Formal warning
- Probation
- Deferred Suspension
- Suspension
- Deferred Dismissal (i.e., deferred expulsion)
- Dismissal (i.e., expulsion)
- Denial of privileges or associations
- Educational, Community, and Wellness Activities

When assigning sanctions, hearing officers consider the type and nature of any policy violation(s), including mitigating or aggravating factors, as well as the student's prior conduct record. Sanctions are generally cumulative in nature.

For definitions and additional information about sanctions in the Student Conduct process, please refer to the *Student Code of Conduct*.

JD-000255

### H. Remedial Action

Following a hearing, the Director of Student Conduct shall work with the Title IX Coordinator, who will oversee any necessary remedial action to restore or preserve the complainant's equal access to the university's education programs or activities.

### IV. Appeal Process

Both parties have the opportunity to appeal the outcome of a formal hearing in a Title IX case regardless of the outcome. Sanctions take effect immediately, pending the appellate officer's decision or the end of the appeal period.

### A. Grounds for Appeal

Appeals are not re-hearings; therefore, appeal requests are limited to the following grounds:

- Procedural irregularity or denial of procedural guarantees
- Significant and relevant new information that was not available at the time of the hearing
- Conflict of interest or bias by the Title IX Coordinator, Investigator, or hearing officer(s), which affected the outcome
- Unduly harsh or arbitrary findings or sanctions.

Appeals submitted that do not have sufficient grounds in one of these areas will be denied.

### B. Potential Outcomes of an Appeal

The appellate officer will review the appeal and may:

- Uphold the original decision and sanctions
- Uphold the original decision and either decrease or increase the sanction
- Vacate a finding
- Send the case back to the Title IX Coordinator for further investigation
- Send the case back to Student Conduct for a new partial or full hearing

### C. Time Frame to Submit an Appeal

The parties have seven (7) business days from the date of the decision to submit the appeal. The date the decision is given is considered the first day of the appeal period. Appeals submitted after the deadline will not be accepted except in extenuating circumstances, as determined by Student Conduct.

### D. Format of Appeal

The appeal is a written request submitted by the student for a review of the original case. The student should include which grounds for appeal they believe apply, and any information the student wants considered should be included in the written document. The burden is on the appealing party to demonstrate why the finding or sanction should be altered.

### E. Notification to the Other Party

When one party submits an appeal, the Office of Student Conduct will notify the other party and provide them with an opportunity to review the appeal and submit a written statement in response, which will be included in the appeal documentation.

JD-000256

### F. Appellate Officers

An appellate officer will be designated by the Assistant Vice President for Student Affairs, who serves as the university's Chief Appellate Officer. All appellate officers are external to the Office of Student Conduct and Title IX. When they are designated to review a case, the Assistant Vice President will ensure they do not have conflicts of interest or bias and are, therefore, able to review the case objectively.

### G. Appeal Decision Letter

The appellate officer will issue a decision on the appeal in writing to both parties simultaneously. This notification will include a rationale for the decision.

### V.      Time Frames for Resolution

The University seeks to resolve all reports of sexual harassment, sexual violence, stalking, and intimate partner violence promptly. For each step of an investigation and adjudication, the parties can expect the following:

- An investigation will be conducted in a prompt and timely manner. Generally an investigation will completed within forty five (45) days after an investigation has commenced. This includes:
  - A formal, written Notification of the Investigation no more than five (5) days after a formal complaint is made.
  - When a complaint is dismissed and the complainant appeals that decision, to be provided a written response to that appeal no more than ten (10) days after requesting an appeal.

- To review and submit a written response to all investigation materials at least ten (10) days before a final investigation report is submitted to the Title IX Coordinator.

- If referred to the Office of Student Conduct, the complaint will be promptly adjudicated with 30 days after the referral is made. This includes:

  - Receiving a copy of the final investigation report from the Title IX Coordinator or designee at least ten (10) days prior to any hearing where a determination of responsibility will be made.
  - Receiving written notice of the date, time, location, participants, and policies charged at least 5 business days in advance of the hearing to allow the parties sufficient time to prepare for the hearing.
  - Participating in a live hearing within thirty (30) calendar days of the referral from Title IX to the Office of Student Conduct.
  - Submitting an appeal of the outcome within seven (7) business days after receiving the outcome.
  - Receiving a decision on that appeal within fourteen (14) calendar days from submission.

All time frames expressed in these procedures are meant to be guidelines rather than rigid requirements. Circumstances may arise that require the extension of time frames. Such circumstances may include the complexity of the allegations, the number of witnesses involved, the availability of the parties or witnesses, the effect of a concurrent criminal investigation, any intervening school break or vacation, or other unforeseen circumstances. In the event that the investigation and resolution exceed this time frame, the University will notify all parties of the reason for the delay and the expected adjustment in time frames.

JD-000257

**VI.      Retention of Records**

Regardless of outcome, all records related to reports, investigation, and resolutions of sexual harassment and violence are kept in confidential, secured electronic files maintained by the Office for Equity and Accessibility.  Files will include any investigation materials gathered, records of actions taken and supportive measures provided to each party, and documentation that the resolution followed these procedures.  The Office for Student Conduct will maintain records related to the adjudication of complaints, including an audio recording of any live hearing.  In accordance with the federal Title IX regulations, a complete record of the complaint, investigation, and adjudication will be kept by the Office for Equity and Accessibility for seven (7) years.

JD-000258