CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED

June 24, 2026

LAURA A. AUSTIN, CLERK
BY: /s/ Hannah Warren
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

JOHN DOE,                              )
                                       )        Civil Action No. 7:25-CV-00846
        Plaintiff,                     )
                                       )
v.                                     )        ORDER
                                       )
VIRGINIA POLYTECHNIC                   )
INTITUTE AND STATE                     )        By: C. Kailani Memmer
UNIVERSITY, et al.,                    )        United States Magistrate Judge
                                       )
        Defendants.                    )

This matter is before the court on plaintiff John Doe's (Doe) motion to indefinitely seal 10 exhibits attached to his proposed First Amended Complaint. (ECF No. 93.) Defendants have not filed an opposition. For the reasons below, Doe's motion is **GRANTED.**

The public's right to access judicial records stems from two sources: the First Amendment and the common law. *In re: U.S. for an Order Pursuant to 18 U.S.C. Section 2703(D)*, 707 F.3d 283, 290 (4th Cir. 2013) (citing *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004)). The First Amendment right of access applies only to certain documents, "and this right yields only in the existence of a 'compelling governmental interest . . . [that is] narrowly tailored to serve that interest.'" *Id.* (quoting *Va. Dep't State Police*, 386 F.3d at 575). The common law right of access is broader and presumes a right of access to all judicial records and documents. *Va. Dep't State Police*, 386 F.3d at 575. But the presumption can be rebutted "if 'the public's right of access is outweighed by competing interests.'" *Id.* (quoting *In re: Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984)). Under either standard, the public's right of access "may be abrogated

only in unusual circumstances." *Doe* v. *Public Citizen*, 749 F.3d 246, 266 (4th Cir. 2014) (quoting *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 182 (4th Cir. 1988)).

Procedurally, a district court may seal court filings if it "(1) provide[s] public notice of the request to seal and allow[s] interested parties a reasonable opportunity to object, (2) consider[s] less drastic alternatives to sealing the documents, and (3) provide[s] specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000).

When ruling on a motion to seal, the court ordinarily "must determine the source of the right of access with respect to each document sealed. Only then can it accurately weigh the competing interests at stake." *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 181 (4th Cir. 1988). Here, Doe moves to seal 10 exhibits attached to his proposed First Amended Complaint, including a Title IX Investigation Report, transcripts of two Title IX hearings, formal hearing outcomes, a Student Conduct Investigation Report (along with addendums to the report), transcript of a Student Conduct Hearing, and a formal hearing outcome. "A complaint and its exhibits are considered judicial documents and are subject to the stringent First Amendment standard and its highest presumption of access." *Bennett v. Brown*, No. 25-cv-2868-ELH, 2026 WL 850468, at *6 (D. Md. Mar. 27, 2026) (citation modified); *see also Courthouse News Serv. v. Schaefer*, 2 F.4th 318, 328 (4th Cir. 2021) (holding that "the press and public enjoy a First Amendment right of access to newly filed civil complaints."). As a result, the more stringent First Amendment right of access applies here.

The exhibits at issue relate to Title IX investigations, hearings, and findings following accusations that Doe sexually assaulted two female students. Similar to the court's order addressing sealing of two audio recordings related to Doe's Title IX hearings,

the exhibits at issue concern personal information, including Doe's real name, as well as the real names of the alleged victims and witnesses. As noted previously, "there can be no reasonable dispute that, when one 'has been accused of sexual misconduct,' litigation arising from that accusation is a 'matter of [a] sensitive and highly personal nature.'" (Order, ECF No. 61 at 2–3) (quoting *Doe v. Va. Polytechnic Inst. & State Univ.*, No. 7:18-cv-320, 2018 WL 5929645, at *2 (W.D. Va. Nov. 13, 2018)). Additionally, the alleged victims of the sexual misconduct who are non-parties also are entitled to a level of protection in terms of their identity as such information contained in the exhibits, including photographs relevant to the allegations, are incredibly personal and sensitive. (*See id.*)

Additionally, as for alternatives to sealing, the court again finds that the present record – including the proposed amended complaint which totals 149 pages – preserves the fundamental right of access to judicial records if the exhibits at issue are sealed. The proposed amended complaint includes much of the information contained within the exhibits at issue except for the identify of the plaintiff, victims, and witnesses and other personal details. Such information is not necessary to apprise the public of the alleged facts and claims in this case, and any attempt to redact such identifying information would be infeasible. As for the procedural requirement of giving the public an opportunity to object, this motion has been pending for 14 days and no opposition was filed.

Accordingly, for the above reasons, the court finds that Doe has made an adequate showing to justify sealing the records at issue, and his motion is hereby **GRANTED**. The Clerk is **DIRECTED** to file the exhibits **UNDER SEAL** until further order of this court.

It is so **ORDERED**.

3

**ENTERED** this 24th day of June, 2026.

C. Kailani Memmer
United States Magistrate Judge